# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAMONT BONNER, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:21-CV-1221 SRW |
| SANTANDER CONSUMER USA, | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the application of self-represented plaintiff LaMont Bonner, Jr. for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court has carefully reviewed plaintiff's complaint and for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff, a resident of the State of Missouri, seeks monetary and injunctive relief in this action against Santander Consumer USA for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*[1]

---

[1] Between October 12, 2021 and October 28, 2021, plaintiff filed eight (8) separate lawsuits, including the present one, asserting violations of Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq. See Bonner v. Santander Consumer USA,* No. 4:21-CV-1221 SRW (E.D.Mo); *Bonner v. Equifax,* No. 4:21-CV-1236 NAB (E.D.Mo); *Bonner v. TransUnion,* No. 4:21-CV-1237 HEA (E.D.Mo); *Bonner v. I.C. System,* No. 4:21-CV-1261 JCH (E.D.Mo); *Bonner v. Medicredit, Inc.,* No. 4:21-1278 JMB (E.D.Mo); *Bonner v. First Progress,* No. 4:21-CV-1295 SPM (E.D.Mo); *Bonner v. Comenity Bank,* No. 4:21-CV-1296 NCC (E.D.Mo); *Bonner v. Manderich Law Group,* LLP, No. 4:21-CV-1297 RLW (E.D.Mo).

Plaintiff's claims, as set forth in his complaint are as follows:

On February of 2019 the defendant furnished an account on my credit file to all three credit reporting agencies without my written permission which violated [ ] sic. The also furnished account contains information which violates [ ]. On August of 2019 the company then proceeded to state my payments were late. They also stated that I owe a debt and are still reporting that I owe a debt and fail to make on time payments. The bank's purpose is for borrowing money not lending. On 8/12/2021 I received a letter from the defendant stating I owe a debt and must pay. With that account reporting negatively, I cannot receive a car to get back and forth to work or even stay in a decent neighborhood, due to it heavily affecting my credit. This made me emotionally distressed due to not even being able to get the basics of life.

For relief, plaintiff seeks "monetary relief and remove the account from all 3 credit reporting agencies."

## Discussion

Having reviewed the complaint, the Court finds that plaintiff's claims against defendant Santander Consumer USA fail to survive review under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed at this time.

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). Under the FCRA, if a consumer notifies a credit reporting agency (CRA) of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to conduct a reasonable reinvestigation of the disputed information and determine whether the information is inaccurate. *See* 15 U.S.C. § 1681i(a). As part of its reinvestigation, the CRA must notify the furnisher of the credit information of the dispute, and either record the current status of the disputed information or delete it from the consumer's file. *Id.*; 15 U.S.C. § 1681i(a)(2). To enforce these provisions, the FCRA created a private right of

action against CRAs for willful noncompliance (15 U.S.C. § 1681n) and for negligent noncompliance (15 U.S.C. § 1681o).

Plaintiff has not provided any factual allegations relating to defendant such that the Court can discern that Santander Consumer USA is a "credit reporting agency" as defined in the statute. Pursuant to 15 U.S.C. § 1681a(f), the term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports[2] to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

Assuming without deciding that defendant Santander Consumer USA was a credit reporting agency, as defined under the Fair Credit Reporting Act, plaintiff's allegations under the FCRA are still subject to dismissal.

Plaintiff has not alleged that at the time the alleged consumer report was generated by defendant Santander Consumer USA and provided to the credit agencies that the information contained in the report was false. For example, plaintiff does not claim that he did not owe the debt that defendant Santander Consumer USA was attempting to collect from him. Attempting to collect a debt that is owed and notification of that debt to a consumer's credit file is valid under the FCRA. Thus, plaintiff's allegations under the FCRA are subject to dismissal.

---

[2] A "consumer report," as defined under 15 U.S.C. § 1681a(d)(1), is "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for-- (A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes. . ." or other purpose as defined under 15 U.S.C. § 1681b.

Plaintiff has also not adequately alleged a claim against defendant Santander Consumer USA pursuant to 15 U.S.C. § 1692(e) of the FDCPA. The FDCPA's purpose "is to eliminate abusive debt collection practices by debt collectors, and to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 318-19 (8th Cir. 2004). The FDCPA authorizes private lawsuits and fines in order to prevent debt collectors from engaging in prohibited practices. *Coyne v. Midland Funding, LLC*, 895 F.3d 1035, 1037 (8th Cir. 2018) ("[t]he FDCPA is a consumer-protection statute authorizing private lawsuits and weighty fines to deter wayward collection practices"). "To establish a prima facie case in an action for violation of the Fair Debt Collection Practices Act, the plaintiff must plead and prove (1) the defendant was a debt collector, (2) the defendant's conduct in attempting to collect a debt was prohibited by the Act and (3) the debt was a consumer debt." *Webb v. SuddenLink Commc'ns*, 2010 WL 3940905, at *1 (E.D. Mo. Oct. 6, 2010).

As noted above, plaintiff has not alleged that defendant Santander Consumer USA is a debt collector within the definition the FDCPA or that defendant Santander Consumer USA engaged *in a prohibited debt collection practice* under the FDCPA. For example, as noted above, plaintiff has not identified who Santander Consumer USA is, nor what they did or what type of practice they engaged in. Even if the Court were to surmise that defendant was a debt collector, there is no indication that at the time they started collecting from plaintiff that they were engaging in a prohibited debt collection practice or somehow lied to him about his debt.

Additionally, as stated previously, plaintiff does not claim that he did not owe the debt that defendant Santander Consumer USA was attempting to collect from him. Liberally construing the

complaint, plaintiff's allegations against defendant under the FDCPA simply cannot survive review under 28 U.S.C. § 1915(e)(2)(B) and the Court will dismiss this claim as legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** than an appeal from this dismissal would not be taken in good faith.

Dated this 10th  day of November, 2021.

						_____
						HENRY EDWARD AUTREY
						UNITED STATES DISTRICT JUDGE